UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| P.J. WILLIS-MITCHELL, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | ) No. 1:12-cv-01235-SEB-DML ) ) ) |
| Defendant. | ) ) |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

This cause is before the Court on Defendant's Motion to Dismiss [Docket No. 19], filed on November 19, 2012. Plaintiff P.J. Willis-Mitchell brings this putative class action,[1] alleging that Defendant Portfolio Recovery Associates, LLC violated the Federal Debt Collection Practices Act ("FDCPA") when it attempted to collect a health care debt from him by filing a small claims lawsuit against him in Perry Township, Indiana. Willis-Mitchell neither resides in Perry Township nor signed the contract giving rise to the debt at issue in Perry Township. Willis-Mitchell alleges that the filing of collection lawsuits in township small claims courts located in a township other than where the debtor lives or signed a contract is a violation of the FDCPA. Defendant moves to dismiss, arguing that filing in such a township does not, as a matter of law, violate the

---

[1] Willis-Mitchell filed this case as a putative class action and has moved for class certification. However, by agreement of the parties, the issue of class certification has been deferred. *See* Docket Nos. 6, 9. Accordingly, this ruling applies only to Willis-Mitchell individually.

FDCPA as it is permissible to file in the county where the debtor resides or where the contract was signed.  Here, both Perry Township (where the small claims action was filed) and Lawrence Township (the township where Willis-Mitchell resides) are located within Marion County, Indiana.  Thus, Defendant maintains that it did not violate the FDCPA by filing the small claims case in Perry Township, since that township is located within the county in which Plaintiff resides.

Under the FDCPA, a debt collector must bring an action to collect a debt "only in the judicial district or similar legal entity in which such consumer signed the contract sued upon; or in which such consumer resides at the commencement of the action."  15 U.S.C. § 1692i.  Thus, the issue before us is the definition of the term "judicial district."  Defendant maintains that the applicable judicial district is Marion County as a whole, while Plaintiff contends that this term refers to each township small claims court.  Our colleague, Judge Lawrence, recently addressed this exact issue in *Suesz v. Med-1 Solutions, LLC*, No. 1:12-cv-1517-WTL-MJD, 2013 WL 1183292 (S.D. Ind. Mar. 21, 2013), holding that it was not a violation of the FDCPA to file an action to collect a debt in a small claims court located within the county, but not the township, in which the person resided because "[t]he structure and function of the township small claims courts in Marion County do not fall with[in] the definition of a judicial district."  *Id.* at *4.

The facts before us are analogous in all material respects to those at issue in *Suesz* and we find no persuasive reason to resolve this case on different grounds.  We have, of course, conducted our own careful review of the legal authorities relied upon by Judge Lawrence in *Suesz*, and conclude that the same analysis is applicable to the facts here.

Thus, applying that analysis as set forth in *Suesz*, Defendant's Motion to Dismiss is GRANTED.

    IT IS SO ORDERED.

Date:    08/20/2013

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

4

Distribution:

Michelle R. Teggelaar
EDELMAN COMBS & LATTURNER
mteggelaar@edcombs.com

Daniel A. Edelman
EDELMAN COMBS LATTURNER & GOODWIN LLC
courtecl@edcombs.com

David M. Schultz
HINSHAW & CULBERTSON
dschultz@hinshawlaw.com

Avanti Deepak Bakane
HINSHAW & CULBERTSON, LLP
abakane@hinshawlaw.com