IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| P.J. WILLIS-MITCHELL,<br>on behalf of plaintiff and a class,<br><br>          Plaintiff,<br><br>vs.<br><br>PORTFOLIO RECOVERY<br>ASSOCIATES, LLC,<br><br>          Defendant. | )<br>)<br>)<br>)<br>)   No. 1:12-cv-1235-SEB-DML<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S PETITION IN SUPPORT OF AN
AWARD OF CLASS COUNSEL'S FEES AND COSTS**

Plaintiff, P.J. Willis-Mitchell ("Willis Mitchell"), brought this class action against, Defendant, Portfolio Recovery Associates, LLC ("PRA") ("Defendant") on August 31, 2012, alleging that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). Plaintiff filed a claim on behalf of the class pursuant to Fed. R. Civ. P. 23(a) and (b)(3). Plaintiff alleged that Defendant attempted to collect a credit card debt incurred for personal, family or household purposes and not for business purposes and filed suit against plaintiff in Perry Township small claims court to collect the alleged debt when Plaintiff did not reside in Perry Township. Plaintiff claimed that Defendant's collection efforts violated the FDCPA, 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

On October 15, 2018, the Court entered an order granting preliminary approval to the parties' settlement. (*Dkt. No. 163*). The settlement provides for an award of $120,000.00 to plaintiff's counsel for their attorney's fees and costs. In the Seventh Circuit decision, *Redman v. Radio Shack Corp.*, 768 F.3d 622, 637-38 (7th Cir. 2014), cert. denied sub nom. *Nicaj v. Shoe Carnival, Inc.*,

1

135 S. Ct. 1429, 191 L. Ed. 2d 366 (2015), the Court held that class members should be given the details and basis for the attorney's fees and costs that class counsel intends to request from the Court at final approval, in advance of the final approval hearing in order to allow class members an opportunity to evaluate the reasonableness of the request:

> Rule 23(h) of the civil rules requires that a claim for attorneys' fees in a class action be made by motion, and 'notice of the motion must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner.' Class counsel did not file the attorneys' fee motion until after the deadline set by the court for objections to the settlement had expired. That violated the rule. *In re Mercury Interactive Corp. Securities Litigation*, 618 F.3d 988, 993–95 (9th Cir.2010); see also Committee Notes on the 2003 Amendments to Rule 23. From reading the proposed settlement the objectors knew that class counsel were likely to ask for $1 million in attorneys' fees, but they were handicapped in objecting because the details of class counsel's hours and expenses were submitted later, with the fee motion, and so they did not have all the information they needed to justify their objections. The objectors were also handicapped by not knowing the rationale that would be offered for the fee request, a matter of particular significance in this case because of the invocation of administrative costs as a factor warranting increased fees. There was no excuse for permitting so irregular, indeed unlawful, a procedure.

*Id.* Pursuant to *Redman*, plaintiff submits this memorandum to place on the record the claim for attorney's fees and expenses.

## ARGUMENT

### I. PLAINTIFF'S ATTORNEY'S FEES AND COSTS ARE REASONABLE

An award of $120,000.00 to Plaintiff for their attorney's fees and costs is reasonable. Plaintiff's attorneys are highly experienced class action attorneys, all of whom contributed their skills and expended their resources in a coordinated effort that resulted in the settlement of this matter. *See* Declaration of Daniel A. Edelman, attached hereto as Exhibit 1. Plaintiff's lodestar to date is in excess of $210,000.00. *See* Appendix G to Declaration of Daniel A. Edelman. Plaintiff's counsel have used their knowledge, skills, and resources to properly prosecute this case and to adequately represent the class.

Plaintiff's counsel has been actively involved in every aspect of this case. From inception to date, our firm has spent approximately 442.2 hours on the case. The expenses incurred exceed $4,00.00.

Plaintiff's counsel expects to continue to be active in the case through its conclusion and anticipates spending additional time to assist in the settlement notice process (*e.g.*, oversee and coordinate notice and administrative activities with Class-Settlement.com, respond to class member inquiries, prepare and file the final approval memorandum, any responses to objections, and the requests for exclusion, as well as any other supplemental document ordered by the Court).

The Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") allows Plaintiff's counsel to recover for their work in this action. Section 1692k provides that "any debt collector who fails to comply with any provision of this subchapter with respect to any person" is liable, *inter alia*, for "in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. §1692k(a)(3).

The fees and costs incurred by Plaintiff's counsel in litigating this case were incurred in the course of performing the following tasks:

  **A.**  **Pre-Complaint Legal and Factual Investigation**. Plaintiff's counsel began conducting a factual and legal investigation of Plaintiff P.J. Willis-Mitchell's claims in August, 2012. This investigation included an analysis of plaintiff's claims, the applicable federal and Illinois statutes, regulations, and case law, as well as the elements and potential defenses for each of the proposed claims. Once the initial factual and legal research had been completed, Plaintiff's counsel drafted, prepared, and filed the Complaint, engaging in correspondence with Plaintiff P.J.

Willis-Mitchell at the inception of the case and throughout. The complaint was subsequently amended for settlement purposes.

  B. **Discovery**. The parties engaged in written discovery to determine the number of individuals with:

> (a) all natural persons (b) sued by PRA (c) in a township small claims court (d) for a township other than one in which the person resided €where the debt collection action was filed on or after August 31, 2011 and on or before September 30, 2014.

Plaintiff also obtained information on defendant's net worth. *Schulte v. Fifth Third Bank*, 805 F.Supp.2d 5560, 587 (N.D. Ill. 2011) (holding that the pertinent inquiry is not whether formal discovery has occurred but rather what "facts and information have been provided.").

  Plaintiff's counsel defended Plaintiff's deposition and took the deposition of Defendant's witnesses.

  C. **Motion Practice**. Plaintiff's Counsel filed and briefed a Motion for Class Certification which was granted and sent Notice of Pendency to the class.  Plaintiff's counsel filed three Motions for Summary Judgment and responded to Defendant's Motion for Summary Judgment.  Plaintiff's Counsel responded to Defendant's Motion for Stay Pending Appeal in a related case.

  D. **Settlement**. After several discussions in good faith and at arm's length and two settlement conferences before Magistrate Judge Lynch, the parties announced that they had reached an agreement to settle this case on a class basis.  The parties jointly drafted and approved settlement documents, and the parties jointly moved for preliminary approval of the settlement.

  The settlement provides a payment of $100 for each class member who has a zero balance the date of Final Approval.  Each class member who has a balance due will receive a credit

4

up to $595 on the outstanding balance of their account. If the credit results in a new balance, class members will get a satisfaction of judgment. Defendant will provide a payment of $3,500 to Plaintiff for damages and for acting as class plaintiff.

In light of the results achieved for the class members, and the length of time and difficulty in achieving those results, an award of $120,000.00 to Plaintiff's counsel is fair and reasonable. Moreover, as set forth above, Plaintiff's counsel will incur additional fees and costs in wrapping up the case, including the drafting of a final approval memorandum, attendance at the fairness hearing, and responding to any calls from class members.

## II.     PLAINTIFF'S COUNSEL'S LODESTAR EXCEEDS AMOUNT REQUESTED

Pursuant to the Agreement, the Defendant will pay attorney's fees and costs not to exceed $120,000.00. Class Counsel will request approval from the Court of attorney's fees and costs in that amount. As set forth in the Declaration of Daniel A. Edelman (Exhibit 1), Plaintiff's counsel includes experienced class action attorneys, all of whom contributed their skills and expended their resources in a coordinated effort that resulted in the settlement of this matter.

In computing the lodestar, the hourly billing rate applied is the hourly rate that is normally charged in the community where counsel practices, *i.e.*, the "market price." *See, e.g., Blum v. Stenson*, 465 U.S. 886 at 895; *McDonald v. Armontrout*, 860 F.2d 1456, 1459 (8th Cir. 1988) ("'in most cases, billing rates reflect market rates – they provide an efficient and fair short-cut for determining the market rate'"); *Spencer v. Comserv Corp.*, 1986 WL 15155, Fed.Sec.L.Rep. ¶93, 124 at 95, 532 (D.Minn. Dec. 30, 1986) ("compensating a nationally recognized securities class action attorney at his hourly rate is entirely appropriate."); *Lindy Bros.Builders, Inc. v. American Radiator & Standard Sanitary Corp.*, 487 F.2d 161, 167 (3rd Cir. 1973) ("The value of an

5

attorney's time generally is reflected in his normal billing rate."). The hourly rates of Plaintiff's counsel and a detailed listing of Class Counsel's lodestar are set forth in <u>Appendix G</u> to <u>Exhibit 1</u>.

The actual lodestar and expenses incurred by Edelman, Combs Latturner & Goodwin, LLC, as of November 2, 2018 was in excess of $210,000.00. This amount, already in excess of the agreed upon maximum recovery, does not include time spent preparing for, and appearing at, the fairness hearing plus the continuing calls from class members, inquiring about the settlement checks. Accordingly, the request for $120,000.00 is fair and reasonable, and Plaintiff requests that the Court approve that amount.

The settlement in this case also complies with Seventh Circuit case law concerning class action awards, and is consistent with the principles set forth in *Pearson v. NBTY, Inc.*, 772 F.3d 778 (7th Cir. 2014), *Redman v. RadioShack Corp.*, 768 F.3d 622 (7th Cir. 2014) and *Eubank v. Pella Corp.*, 753 F.3d 718 (7th Cir. 2014). First, the award to the class is distinct and separate from the attorney's fees in this case. The FDCPA is a fee shifting statute and the fees being awarded to class would not come from a class fund, but rather by payment directly from Defendant, pursuant to the fee shifting provision of the FDCPA as set out in Section 1692k(a)(3). Thus, the size of the attorney's fees award does not affect the award to the class, unlike cases such as *Pearson*, *Redman* and *Eubank* where payment of the attorney's fees affected the total payment to the class.

### III.   CONCLUSION

For the foregoing reasons, the Court should find that $120,000.00 is fair and reasonable and award that amount to plaintiff's counsel, Edelman, Combs, Latturner & Goodwin, LLC, in attorney's fees and costs.

Respectfully submitted,

6

                          */s/ Cathleen M. Combs*
                          Cathleen M. Combs

Daniel A. Edelman
Cathleen M. Combs
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-420
(312) 419-0379 (FAX)

7

## **CERTIFICATE OF SERVICE**

      I, Cathleen M. Combs, hereby certify that on Monday, November 5, 2018, the foregoing document was filed with the Clerk of the Court using the CM/ECF system, which will send notification by email to all counsel of record.

                                                      */s/ Cathleen M. Combs*
                                                      Cathleen M. Combs

Cathleen M. Combs
Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)